U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Oct 01 - 2026
John M. Domurad, Clerk

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the
Northern District of New York

**UNITED STATES OF AMERICA**
v.
**THOMAS PENNINGTON**
**Defendant**

Case No. 5:26-MJ-225 (PJE)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of October 1, 2026 in the county of Onondaga in the Northern District of New York the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §2252A(a)(2)(A) | Receipt of Child Pornography |

This criminal complaint is based on these facts:
**See attached affidavit.**

☒ Continued on the attached sheet.

WILLIAM T HENRY
Digitally signed by WILLIAM T HENRY
Date: 2026.10.01 13:30:52 -04'00'

*Complainant's signature*

HSI Special Agent William Henry IV

*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: October 1, 2026

*Judge's signature*

City and State: Albany, New York

Hon. Paul J. Evangelista, U.S. Magistrate Judge

*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, William Henry IV, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a criminal complaint and arrest warrant for Thomas PENNINGTON ("PENNINGTON") in violation of Title 18, United States Code, Section 2252A(a)(2)(A), receipt of child pornography.

2. I am a Special Agent with Homeland Security Investigations (HSI) within the U.S. Department of Homeland Security ("DHS"), and as such I am empowered by law to investigate and make arrests for offenses enumerated in Title 18, United States Code, Section 2252A. I am a Special Agent employed by the Department of Homeland Security, Homeland Security Investigations ("HSI") and have been employed since September 2025. As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C). I have completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco Georgia, and the HSI Special Agent Training at Fort Benning, Georgia. During basic training, I received instruction on conducting online child pornography investigations. Prior to my tenure as a Special Agent with HSI, I was a Special Agent with the United States Secret Service. I also served three and a half years in the United States Army as a Fire Support Specialist. I graduated from Columbia College of Missouri with a Bachelor's Degree in Criminal Justice.

3. Through my training, experience, and interaction with other Special Agents and law enforcement personnel, I have become familiar with the methods of operation used by people who are involved with offenses involving the sexual exploitation of children, including the use of the Internet to further those offenses. I have also participated in investigations involving offenses

related to the sexual exploitation of children, including preparing and executing search warrants in child pornography and child exploitation investigations. The facts set forth in this affidavit are based on my own personal knowledge, other law enforcement officers, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described here, and information gained through my training and experience. I have not set forth every fact known to me about this investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that PENNINGTON has violated Title 18, United States Code, Section 2252A(a)(2)(A), receipt of child pornography.

**PROBABLE CAUSE**

4. In September 2026, the New York State Police ("NYSP") received a tip from a source of information that PENNINGTON was in possession of child sexual abuse material. The reporting party claimed that they observed computer generated child pornography on PENNINGTON's computer.

5. On October 1, 2026, the NYSP attempted to contact PENNINGTON at his residence in Syracuse, New York for the purpose of conducting a voluntary interview. PENNINGTON was encountered by NYSP at the residence and PENNINGTON agreed to a voluntary interview with the NYSP.

6. As part of the initial interview, PENNINGTON admitted to creating Artificial Intelligence ("AI") generated child pornography and admitted to collecting child pornography for 30 plus years. He was then asked to show the investigators the child sexual abuse material. PENNINGTON then utilized his computer to show investigators files that contained child pornography. PENNINGTON then signed a form to allow a voluntary consent search of the premises.

7. Investigators conducted a search of the residence and found multiple pieces of electronics to include hard drives, thumb drives, and computers. PENNINGTON told investigators that many of the devices would contain child pornography but was unsure which devices would since he has been collecting child pornography for so long.

8. After investigators concluded the search of the residence, PENNINGTON was brought back to the NYSP barracks in North Syracuse to be further interviewed. Once arriving at the barracks, PENNIGNTON was placed into an interview room and was read his *Miranda* rights, which he waived and agreed to speak with the investigators. The ensuing interview was audio and video recorded.

9. During the interview, PENNINGTON explained that he would use different internet browsers to find child pornography. Once finding the child pornography, he would then click on it and either download or save it to his computer.

10. PENNINGTON provided the investigators with a supporting deposition that allowed the NYSP and Homeland Security Investigations to search the electronic devices that were found within his residence.

11. The NYSP began examination of the devices and determined that at least six of the devices contained child pornography. The silver and black PNY 32GB thumb drive contained the folder labeled pic\for26957 which include the following child pornography files:

a. File labeled 1437088144499.jpg depicts an image of an adult male inserting his penis into an infant female's vagina who appears to be less than two years old.

b. File labeled w7v29kd1.jpg can depicts an image of adult male penis being inserted into an infant female's vagina and appears to have ejaculated. The infant appears to be less than two years of age. This image file is different than the one listed above.

**CONCLUSION**

12. Based upon the above information, there is probable cause to establish that PENNINGTON has violated Title 18, United States Code, Section 2252A(a)(2)(A), receipt of child pornography. I respectfully request that the Court issue the proposed criminal complaint and associated arrest warrant pursuant to this violation of federal law.

WILLIAM T HENRY
Digitally signed by WILLIAM T HENRY
Date: 2026.10.01 13:15:10 -04'00'

William Henry IV
Special Agent
Homeland Security Investigations

I, the Honorable Paul J. Evangelista, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by Microsoft Teams on October 1, 2026, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Paul J. Evangelista
United States Magistrate Judge